**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO TORRES-CAMPOS,

Defendant-Appellant.

No. 09-2311
(D.C. No. 2:09-CR-02386-JAP-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **EBEL**, and **TYMKOVICH**, Circuit Judges.

---

Mario Torres-Campos pled guilty to being an alien who illegally re-entered

the United States after having been deported after conviction of a felony in

violation of 8 U.S.C. § 1326(a) and (b).[1]  Under the terms of his plea agreement,

he waived his right to appeal his conviction and any sentence within the

---

[*]    This panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]    The sentencing transcript indicates that Mr. Torres-Campos has four felony and twenty misdemeanor convictions, has a prior illegal reentry conviction, and has been deported four times.

applicable advisory guidelines range determined by the district court. The court imposed a sentence of twenty-one months of imprisonment, which was at the bottom of the undisputed guidelines range of twenty-one to twenty-seven months. Despite the appeal waiver in the plea agreement, Mr. Torres-Campos appealed. The government has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). For the reasons stated below, we grant the motion and dismiss the appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The miscarriage-of-justice prong requires the defendant to show that (a) "the district court relied on an impermissible factor such as race"; (b) "ineffective assistance of counsel in connection with the negotiation of the waiver render[ed] the waiver invalid"; (c) his "sentence exceed[ed] the statutory maximum"; or (d) his appeal "waiver is otherwise unlawful." *Id.* at 1327 (quotations omitted). The government's motion addresses all three prongs of the *Hahn* test, and explains why Mr. Torres-Campo's appeal waiver is not undermined.

In response to the government's motion, Mr. Torres-Campos's counsel stated that under *Anders v. California*, 386 U.S. 738 (1967), this appeal is frivolous. We provided Mr. Torres-Campos copies of the government's motion to

-2-

enforce and counsel's response and gave him the opportunity to argue why this appeal should be heard despite his appeal waiver.  In his response, which we liberally construe, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), he makes several jurisdictional arguments:  (1) he is not subject to the law because he is not a United States citizen; (2) under the Treaty of Guadalupe Hidalgo and the Gadsden Purchase Treaty, the district court lacked jurisdiction; (3) the district court lacked subject matter jurisdiction; and (4) the government has not filed an acceptance of jurisdiction as is required by the Assimilated Crimes Act.  He also contends that counsel promised to file an appeal.

Although a guilty plea does not waive jurisdictional objections to a conviction, *United States v. Fields*, 516 F.3d 923, 928 (10th Cir. 2008), we can easily conclude that the jurisdictional arguments Mr. Torres-Campos raises are meritless.  Congress has plenary power to pass laws controlling the admission and exclusion of aliens.  *See Kleindienst v. Mandel*, 408 U.S. 753, 765-67 (1972). That power includes the power to pass criminal laws imposing penalties upon persons who enter the United States unlawfully.  *See United States v. Hernandez-Guerrero*, 147 F.3d 1075, 1076-78 (9th Cir. 1998) (holding Congress did not exceed its constitutional authority in enacting § 1326).  Further, the district court has subject-matter jurisdiction over "all offenses against the laws of the United States" under 18 U.S.C. § 3231, including the offense at issue in this case.  As Mr. Torres-Campos himself recognizes, the Treaty of Guadalupe

Hidalgo of 1848 involved land ceded by Mexico to the United States. *See, e.g., New Mexico v. Aamodt*, 537 F.2d 1102, 1105 (10th Cir. 1976); *United States v. Gardner*, 107 F.3d 1314, 1317 (9th Cir. 1997). This treaty and the Gadsden Purchase Treaty of 1853 guaranteed that the United States would respect property rights of Mexicans located within the ceded land. *See Tee-Hit-Ton Indians v. United States*, 348 U.S. 272, 288 n.20 (1955). Neither, however, concerns federal-court jurisdiction over criminal charges against aliens. Because Mr. Torres-Campos was not convicted under the Assimilated Crimes Act, that Act is irrelevant to the question of jurisdiction.

Mr. Torres-Campos may be arguing that his counsel was ineffective for not filing an appeal. But counsel did file the appeal. Based upon our review of the transcripts of the plea and sentencing hearings and the plea agreement, Mr. Torres-Campos has not met his burden of showing ineffective assistance of counsel in connection with the negotiation of the appeal waiver or otherwise demonstrated that the waiver is invalid. *See Hahn*, 359 F.3d at 1327. Not only is Mr. Torres-Campos's objection about his counsel's performance insufficient to demonstrate a miscarriage of justice in general, to the extent that his objection survives his plea waiver at all, it would not be a basis for an appeal, but rather only for a possible motion for collateral review under 28 U.S.C. § 2255. *See United States v. Delacruz-Soto*, 414 F.3d 1158, 1168 (10th Cir. 2005) (holding

-4-

that claims of ineffective assistance of counsel should be brought in collateral proceedings, and not on direct appeal).

The government's motion to enforce the appeal waiver is GRANTED, and the appeal is DISMISSED.

ENTERED FOR THE COURT
PER CURIAM